UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. LEINES, | No. 2:18-cv-00969-KJM-DB |
| Plaintiff/Counter-Defendant, | |
| v. | ORDER |
| HOMELAND VINYL PRODUCTS, INC., | |
| Defendant/Counterclaimant. | |

    Defendant and counterclaimant Homeland Vinyl Products, Inc. ("Homeland") moves for leave to amend its counterclaims. Mot., ECF No. 51. For the reasons below, the court GRANTS the motion to amend.

I.   BACKGROUND

    Plaintiff Richard Leines entered into a licensing agreement whereby Homeland could manufacture and sell certain deck construction products, called "Gorilla Lock," that are purportedly based on an invention Leines patented. First Am. Compl. ("FAC"), ECF No. 27 ¶ 1. Homeland alleges Leines granted Homeland an exclusive license to manufacture and sell Gorilla Lock products throughout the United States. Proposed First Am. Counterclaims, ECF No. 53-1 ¶ 9.

    On April 19, 2018, plaintiff sued Homeland for breach of contract, breach of express and implied warranties, breach of the covenant of good faith and fair dealing, false

advertising, unfair competition and patent infringement.  Compl., ECF No. 1.  Plaintiff alleges Homeland produced Gorilla Lock in ways that did not meet contractual standards of quality.  FAC ¶¶ 29, 34.  Plaintiff also alleges Homeland continued to manufacture Gorilla Lock products, infringing plaintiff's patent, after the licensing agreement expired on July 31, 2017.  FAC ¶¶ 89-90; FAC Ex. A, Art. 7.1, ECF No. 27-1.

On June 22, 2018, Homeland answered and counterclaimed for declaratory judgment, equitable relief and breach of the implied covenant of good faith and fair dealing.  Def.'s Answer & Counterclaim, ECF No. 13.

On October 11, 2018, the court issued its pretrial scheduling order.  Scheduling Order, ECF No. 24.  The fact discovery cutoff was set as October 7, 2019.  Scheduling Order at 2.

On April 23, 2019, plaintiff produced approximately 3,600 pages of documents in response to Homeland's discovery requests.  Homeland's attorney, Brandon Christensen, states, "[i]n reviewing these documents, Homeland discovered that Plaintiff had formed a relationship with American PlasTech, LLC to manufacture and sell decking materials."  Declaration of Brandon Christensen ("Christensen Decl."), ECF No. 53 ¶ 12.  On August 13, 2019, the parties stipulated to amend the fact discovery cutoff to November 22, 2019, which the court approved.  Order Am. Pretrial Scheduling Order, ECF No. 43.  Homeland subpoenaed documents from American PlasTech on September 3, 2019.  Christensen Decl. ¶ 13.  On September 18 and 20, 2019, American PlasTech produced 118 pages of responsive documents relating to its relationship with plaintiff.  *Id.* ¶ 14.

On September 30, 2019, plaintiff produced an additional 2,700 pages of additional documents responsive to Homeland's initial document request.  *Id.* ¶ 15.  On October 8, 2019, Homeland took plaintiff's deposition.  *Id.* ¶ 16.  On October 10, 2019, Homeland took plaintiff's wife's deposition.  *Id. ¶* 17.  On October 15 and 16, 2019, Homeland took the depositions of two contractors who sold Gorilla Lock and four Gorilla Lock purchasers.  *Id.* ¶ 18.  On the last day of fact discovery, November 22, 2019, Homeland took the deposition of American PlasTech through its owner, Richard Amato.  *Id.* ¶ 19.

/////

2

1    Homeland claims that through the discovery detailed above, it learned plaintiff
2    breached the exclusivity provision of the license agreement by hiring American PlasTech to
3    manufacture and sell decking products based on the patent-in-suit.  *Id.* ¶ 20.  It also claims that
4    discovery revealed plaintiff used a product manufactured by American PlasTech to replace decks
5    that Homeland warrantied, wrongfully profiting from such warranty claims.  *Id.*  ¶ 21.

6    Also before the discovery cutoff, on October 21, 2019, plaintiff's counsel traveled
7    with plaintiff to Birmingham, Alabama to depose several key Homeland witnesses.  Declaration
8    of Eric Benisek ("Benisek Decl."), ECF No. 55-1 ¶ 8.  Homeland did not inform plaintiff or
9    plaintiff's counsel at that time that it had discovered new claims, and therefore plaintiff did not
10   explore these topics in his depositions of Homeland witnesses.  *Id.*

11   On November 18, 2019, Homeland attempted to secure plaintiff's stipulation to
12   amendment of its counterclaims to add a breach of the exclusivity provision of the license
13   agreement and a claim for breach of the implied covenant of good faith and fair dealing, but
14   plaintiff declined to agree without a second deposition under Rule 30(b)(6), held in California to
15   avoid travel expenses.  Christensen Decl. ¶¶ 23–26; Benisek Decl. ¶ 8.  Homeland offered to
16   stipulate to two supplemental interrogatories, two supplemental document requests and limited
17   supplementation of expert reports on the scope of damages from the new claims, but no additional
18   deposition.  Christensen Decl. ¶ 25.  Plaintiff again declined.  Homeland now brings the instant
19   motion.  Plaintiff and counter-defendant Richard Leines oppose.  Opp'n, ECF No. 55.  Homeland
20   replied.  Reply, ECF No. 59.

21   II.    LEGAL STANDARD

22   A party seeking leave to amend pleadings after a deadline specified in the
23   scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard.
24   *Johnson v. Mammoth Recreations*, *Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  Under Rule 16(b),
25   "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P.
26   16(b)(4). Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard
27   focuses primarily on the diligence of the moving party, and its reasons for seeking modification.
28   *Johnson*, 975 F.2d at 609.

3

If good cause exists, the movant next must satisfy Rule 15(a). *See id.* at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its explication of this order of operations). Federal Rule of Civil Procedure 15(a)(2) provides, "[t]he court should freely give leave [to amend the pleadings] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton et al.*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citation omitted).

III.   DISCUSSION

    A.  Good Cause Under Rule 16

Homeland's motion to amend comes after the close of fact discovery, and thus must first be analyzed under Rule 16's "good cause" standard. A moving party may be required to show (1) diligence in creating a workable Rule 16 order; (2) its noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding diligent efforts to comply, because of the development of matters that could not have been reasonably foreseen or anticipated at the time of the scheduling conference; and (3) the moving party was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

The dispute here essentially boils down to a question of when Homeland discovered the viability of the proposed counterclaims. Plaintiff asserts Homeland knew or should have known of these additional claims as early as April 23, 2019. That is the date plaintiff produced 3,200 pages of responsive documents containing emails demonstrating a business relationship between plaintiff and American PlasTech. Opp'n, ECF No. 55 at 5–6. The court

4

disagrees. Homeland rightly points out that "even the most efficient lawyers need time to review documents." Reply at 3. Homeland asserts it took until August 2019 to finish reviewing this first production. Reply at 4; Second Christiansen Decl. ¶ 4, ECF No. 59-1.

Homeland also asserts the first production did not support the proposed counterclaims on its own. Reply at 4. Homeland claims it only had sufficient information to assert a breach of the exclusivity provision in good faith after the depositions of plaintiff, his wife, several customers and contractors in mid-October of 2019. *Id.* Homeland alleges the depositions revealed that a previously-disclosed agreement between plaintiff and American PlasTech to manufacture products was more particularly an agreement to manufacture products based on the patent-in-suit, a key fact for breach of exclusivity. *Id.* at 5; Second Christiansen Decl. ¶ 15.

Homeland's arguments about time spent reviewing a voluminous document production and the need to confirm with depositions the theory underlying its new counterclaims ring true. It appears Homeland's additional claims were not developed well enough for inclusion in Homeland's pleadings until late October 2019, when the follow-up depositions of Leines and his wife took place. At that point, there remained only a month to draft amended counterclaims and either negotiate a stipulation to amendment or bring a motion.

On the flip side of the coin, plaintiff's assertion that Homeland knew of its alleged warranty claims well before the discovery cutoff rings hollow. Homeland may have "admitted in its discovery responses that it was suspicious of certain warranty claims years before this lawsuit was even filed," Opp'n at 6, but suspicion is not the same as diligent prelitigation investigation, nor is it confirmation that such a counterclaim exists.

In short, Homeland had some support for additional counterclaims well before the discovery cutoff. However, Homeland only uncovered sufficient information to add those claims close to the cutoff. Homeland was sufficiently diligent to satisfy Rule 16's good cause requirement. *Cf. United States ex rel. Terry v. Wasatch Advantage Group, LLC*, 327 F.R.D. 395, 406 (E.D. Cal. 2018) (finding good cause where discovery revealed existence of additional properties covered by complaint's legal theories two weeks before close of fact discovery).

5

B. <u>Compliance With Rule 15</u>

The court now turns to Rule 15. As discussed above, the court applies the factors cited in *Johnson v. Buckley* to determine whether amendment should be granted. 356 F.3d at 1077. In evaluating the five factors, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).[1] The party opposing amendment has the burden of showing prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187 (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

Here, there is no indication that Homeland is bringing its counterclaims in bad faith. Bad faith means acting with intent to deceive, harass, mislead, delay or disrupt. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (explaining bad faith in sanctions context). Bad faith is present when the moving party seeks leave to amend "to prolong the litigation by adding new but baseless legal theories." *Griggs*, 170 F. 3d at 880. Nothing indicates, and plaintiff does not argue, that Homeland's additional theories are baseless. To the contrary, Homeland's approach overall appears reasonably intended to confirm the additional claims had adequate support before confirming them. The proposed addition of these counterclaims is not in bad faith.

At the same time, the court is troubled by Homeland's decision to withhold any indication of its intent to bring new counterclaims until after plaintiff completed his depositions of Homeland witnesses in Alabama and only four days before the fact discovery cutoff. While the proposed amendment itself shows no bad faith, the timing of Homeland's disclosure of its plans and this motion is suspect. As noted by plaintiff, "[h]ad Homeland sought amendment in mid-October after it deposed Plaintiff, there would still have been enough time for Plaintiff to arrange the necessary additional discovery and prepare to examine Homeland's Rule 30(b)(6) deposition witnesses." Opp'n at 6. While Homeland proffers its attorney's correspondence with plaintiff's counsel attempting to secure a stipulation to amendment in support of its motion,

/////

---

[1] *Griggs* refers to four factors; the Ninth Circuit has since added whether a party has already amended the pleadings as a fifth. *See Buckley*, 356 F.3d at 1077.

Christiansen Decl. Ex. C, ECF No. 53-3, the proposal came too late for any meaningful negotiation.

This goes to the second and third factors, undue delay and prejudice to the opposing party. "Undue delay" is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court. *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 08-01086, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citation omitted). "Whether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991)).

"In the context of a motion to amend, prejudice means 'undue difficulty in prosecuting a lawsuit as a result of change in tactics or theories on the part of the other party.'" *Bennett v. Forbes*, No. 17-464, 2017 WL 4557215, at *6 (S.D. Cal. Oct. 12, 2017) (quoting *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). Prejudice to the opposing party carries the greatest weight in the Rule 15 analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The opposing party "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely.'" *Shuey v. County of Ventura*, No. 14-09520, 2016 WL 4367224, at *4 (C.D. Cal. Aug. 11, 2016) (citations omitted).

Here, the delay between when Homeland learned facts supporting the proposed counterclaims and when it sought a stipulation to allow amendment is short but important. Homeland confirmed the basis for its additional claims in mid-October, yet its counsel did not request a stipulation to amendment until mid-November. In the interim, plaintiffs deposed several Homeland witnesses who likely had information material to the proposed counterclaims, yet Homeland said nothing about the potential it would seek to amend the counterclaims. In addition, as noted, Homeland's attorneys gave notice of their intent to amend a mere four days

7

before the close of fact discovery. Homeland's failure to give more notice of its intent to amend in these circumstances is unreasonable and will prejudice plaintiff without the provision of additional discovery to meet these additional claims. The purpose of Rule 15's liberal standard to amend is to facilitate decisions on the merits; the corollary is that parties facing additional claims through amendment must be able to sufficiently investigate the merits of those claims through discovery.

Plaintiff does not address the remaining factors, futility of amendment and whether the movant has previously amended its pleadings, and they are not relevant to the court's analysis.

However, because the proposed additional counterclaims do not appear to be brought in bad faith, and because plaintiff has indicated the prejudicial effect of late amendment could be cured by additional discovery, the court finds granting leave to amend would be in the interests of justice. The court further orders additional discovery as detailed below.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS Homeland's motion for leave to amend. The court further ORDERS that plaintiff may (1) propound two supplemental interrogatories to Homeland, (2) make two supplemental document requests, (3) take one additional Rule 30(b)(6) deposition of Homeland's person most knowledgeable relating to warranties and lost profits for up to five hours in length by videoconference, and (4) supplement plaintiff's expert report on damages based on the information received in the additional discovery. Should the parties believe it is necessary, they may file a joint statement within fourteen (14) days addressing the necessity of any other amendments to the scheduling order consistent with this order.

IT IS SO ORDERED

DATED: October 13, 2020.

CHIEF UNITED STATES DISTRICT JUDGE