ERIC W. BENISEK /CA SB# 209520
ebenisek@vbllaw.com
JEFFREY T. LINDGREN /CA SB# 176400
jlindgren@vbllaw.com
VASQUEZ BENISEK & LINDGREN LLP
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94596
Telephone:   (925) 627-4250
Facsimile:   (925) 403-0900

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard A. Leines,<br><br>  Plaintiff,<br><br>  v.<br><br>Homeland Vinyl Products, Inc.,<br><br>  Defendant. | No.  2:18-cv-00969-KJM-DB<br><br>**MOTION *IN LIMINE* NO. 2 – MOTION TO EXCLUDE THE OPINIONS OF DEFENDANT'S MARKETING EXPERT, STEVEN KLEBER** |

**I.     INTRODUCTION**

Plaintiff Richard A. Leines ("Leines" or "Plaintiff"), by and through its counsel of record, hereby moves to *in limine* the opinions of Homeland Vinyl Products, Inc.'s ("Homeland") purported marketing expert witness, Steven Kleber ("Kleber"). The thrust of Kleber's expert report is that  Homeland used its "***best commercial efforts to market the Licensed Products***" which should be excluded for several reasons. Kleber' opinion testimony improperly opines on one of the ultimate legal questions of case – whether Homeland used "best commercial efforts" – which is squarely for the jury to answer. But even more problematic, in reaching his ultimate opinion that "[Homeland] used its ***best commercial efforts*** to market and sale [sic] Gorilla Lock," Kleber never defines or explains the standard he is using for concluding that Homeland used "best commercial efforts." He simply declares that based on his experience, Homeland used its "best

Motion In Limine #2 – Kleber Opinions                                                                                  1

commercial efforts" without explaining anywhere in his report what "best commercial efforts" entails. This is the equivalent of opining that Homeland met a particular standard of care while at the same time never identifying what the standard of care is that Homeland met. This is an extremely basic shortcoming of Kleber's ultimate opinion manifesting its exclusion. Finally, the proposed opinions in Kleber's expert report are not proper expert opinion subject matter. Homeland's marketing efforts are not beyond the common understanding of a lay juror. As a claimed marketing expert, Kleber could have opined on what constitutes best practices in the marketing of decking products (if such custom and usage exists) and then compared those practices to those undertaken by Homeland. Instead, Kleber failed to identify any industry standard, custom, practice or usage with respect to marketing of the Licensed Product. Kleber simply regurgitated the testimony of Homeland's corporate witnesses as to all the marketing efforts undertaken by Homeland. This is not helpful to the jury, nor outside its members general understanding and capabilities, and is superfluous in any event as he simply repeats the statements of Homeland's witnesses. In sum, Kleber's opinion that Homeland exercised best commercial efforts is not proper expert opinion testimony and should be excluded under Rules 401, 403 and 702 of the Federal Rules of Evidence.

## II. RELEVANT FACTS

### A. Article 16 of the Patent License Agreement – "Best Commercial Efforts".

Article 16 of the License Agreement between Leines and Homeland provides in relevant part:

> **Article 16-Licensee Warranties**. Licensee warrants that it will use its ***best commercial efforts to market the Licensed Product*** and that their sales and marketing shall be in conformance with the principles, applicable laws and regulations acceptable in the normal course of good business practices. Licensee shall use its best efforts to bring the Licensed Patent Rights to market through a thorough and diligent program and continue these efforts throughout the life of this Agreement.

(D.I. 1-1, at Article 16 (emphasis added)).

Motion In Limine #2 – Kleber Opinions                                                                                        2

### B. Leines Alleges That Homeland Breached the License Agreement for Failure to Use Best Commercial Efforts.

The first amended complaint lists six separate alleged breaches of the License Agreement by Homeland, including failure to use best efforts to market the Licensed Product pursuant to the terms of the contract. (D.I. 27, ¶¶ 51, 53) Accordingly, it will be a jury question whether Homeland used its best commercial efforts to market the Licensed Product.

### C. Kleber's Expert Report.

Kleber is the owner of Kleber & Associates, an Atlanta based marketing agency specializing in the marketing of home and building products. *See* Exhibit A (Kleber Report) at p. 1, § II. Kleber summarizes his opinions as follows: "***it is my expert opinion that HVP used its best commercial efforts to market and sale Gorilla Lock***, including by developing and executing a diligent and thorough marketing program." *See* Exhibit A (Kleber Report) at 2, § IV. Summary of Opinions (emphasis added). Nowhere in Kleber's report, however, is there an explanation of his understanding of "best commercial efforts," or even in his experience, what "best commercial efforts" might typically encompass for the marketing of vinyl deck boards such as Gorilla Lock.

## III. LEGAL PRINCIPLES

Federal Rule of Evidence 401 defines relevancy as evidence that has a "tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Federal Rule of Evidence 702(a) provides that an expert witness with "scientific, technical, or other specialized knowledge" may testify in the form of an opinion if "(b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid., Rule 702. Accordingly, *Daubert* requires that the trial judge determine "whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology can properly be applied to the facts at issue." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592-593 (1993). The reliability assessment of an expert opinion is a crucial part of the trial court's "gatekeeping" function to

"ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id*. at 589. Expert testimony may embrace ultimate issues before the jury, but the testimony cannot stray into legal opinion. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-1017 (9th Cir. 2004). The trial court is accorded wide discretion when acting as a gatekeeper for the admissibility of expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151-52 (1999); *Copart, Inc. v. Sparta Consulting, Inc.,* No. 2:14-CV-00046-KJM-CKD, 2018 U.S. Dist. LEXIS 66397, at *42 (E.D. Cal. Apr. 19, 2018).

## IV. ARGUMENT

Kleber's opinion that Homeland used "best commercial efforts" to market the Licensed Product, Gorilla Lock, is problematic and should be excluded for several reason. First, Kleber's opinion improperly embraces the ultimate question for the jury, whether Homeland used best commercial efforts to market Gorilla Lock. An expert's testimony can embrace ultimate issues decided by the jury, but an expert cannot opine on ultimate issues of law. Second, Kleber's opinion that Homeland's marketing efforts constitute "best commercial efforts" is untied to any understanding or definition of "best commercial efforts." Without tying "best commercial efforts" of marketing the Licensed Products to an industry standard, custom or usage, which he purports to be an expert in, his conclusion that Homeland's marketing efforts equal "best commercial efforts" is exactly that – a conclusion without a comparative analysis. Finally, once Kleber's ultimate opinion that Homeland used "best commercial efforts" is excluded, the remainder of his expert report it is not proper opinion testimony beyond the understanding of a layperson. It is simply a summation of all the marketing efforts undertaken by Homeland that will be testified to by Homeland's corporate witnesses.

### A. Kleber Opinion Is An Improper Legal Conclusion.

It is well settled that an expert's opinion is allowed to embrace ultimate issues decided by the jury, but experts are not permitted to make legal conclusions. For example, in *Hangarter v. Provident Life & Accident Ins. Co.*, the defendants argued the plaintiff's expert testimony, that the defendants failed to comport with industry standards, inappropriately reached legal conclusions

on the issue of bad faith. *See* 373 F.3d 998, 1016-1017 (9th Cir. 2004). The Ninth Circuit disagreed. The court explained:

> [The expert's] testimony did not improperly embrace the issue of bad faith under Fed. R. Evid. 704(a). While [the expert's] testimony that Defendants deviated from industry standards supported a finding that they acted in bad faith, [the expert] never testified that he had reached a legal conclusion that Defendants actually acted in bad faith (i.e., an ultimate issue of law).

*Hangarter*, 373 F.3d at 1016.

Unlike *Hangarten*, Kleber does not testify to the existence of any industry standards, customs or usages for the marketing of vinyl decking. And obviously because he fails to identify any industry standards, customs or usages for marketing of the product at issue, he fails to compare Homeland's marketing efforts to any such customs or standards. Instead, Kleber spends the balance of his report summarizing Homeland's marketing efforts and then offers the legal conclusion that in his "expert opinion" Homeland "used its best commercial efforts to market and sale [sic] Gorilla Lock . . . ." This is exactly the type of opinion that should be excluded under *Hangarten* for offering a legal conclusion and invading the province of the jury. *See also, Cypress Ins. Co. v. SK Hynix Am., Inc.*, Case No. 2:17-cv-00467-RAJ, 2019 Dist LEXIS 24365 at *4 (W.D. Wash, Feb. 14, 2019)(holding that the expert "will not be permitted to testify on issues of law, such as whether it was commercially impractical for Hynix to meet its expected product deliverables or whether Microsoft's conduct was reasonable based on the contract language."). Accordingly, the Court should exclude Kleber from offering his opinion that Homeland used its "best commercial efforts" to market the Licensed Product.

**B.    Kleber Fails To Perform A Comparative Analysis.**

Kleber's report summarizes all of the marketing efforts undertaken by Homeland during the five-year License Agreement, but nowhere does Kleber explain what is common practice in his industry, let alone what might constitute best marketing practices for the product at issue. In Kleber's opinion, the collective marketing efforts of Homeland equal "best commercial efforts" under the parties' License Agreement. This conclusion is not useful or reliable and should be excluded because Kleber has failed analyze Homeland's marketing efforts against any defined

standard. *See, e.g., Robles v. United States*, Case No. 2:19cv111, 2020 U.S. Dist. LEXIS 210732 at *7 (E.D. Va. Aug 13, 2020) (excluding expert testimony as unreliable where no "benchmark for the appropriate industry standard of care" is provided by the expert).[1]

### C. Any Remaining Kleber "Opinions" Are Not Proper Expert Opinions Under FRE 702.

Once Kleber's overarching "best commercial efforts" opinion is excluded, the remainder of his expert report is an advocacy-based summation of Homeland's marketing efforts with citations to all the testifying witnesses who will testify to the same facts. At a minimum, it is all superfluous and redundant to the testimony of the foundational witnesses and therefore should be excluded. For example, Kleber's observation that Homeland marketed Gorilla Lock at trade shows alongside its own Gorilla Deck (Ex. A, at 5-6 (Kleber Report) § V. E) will be testified to by Homeland's witnesses, and is not relevant to any other opinion offered by Kleber. Moreover, while it may be convenient for Homeland to use Kleber as a mouthpiece for summarizing Homeland's marketing efforts, his summary of Homeland's evidence involves redundant material and subject matter well within the comprehension of the common juror.

## V. CONCLUSION

Pursuant to the Federal Rules of Evidence, Rules 401, 403 and 702, Plaintiff Leines respectfully requests the Court exclude Kleber's proposed expert opinion that Homeland used its "best commercial efforts to market the Licensed Products." Moreover, the Court should exclude any other disclosed opinions in his report regarding best commercial efforts for failure to establish any meaning, understanding, definition, industry standard, or practice and usage associated with

---

[1] Throughout Kleber's report, he makes conclusory statements about Homeland achieving "best efforts" but never benchmarks the term to a definition, standard, custom or practice. *See, e.g.*, Ex. A, at 3 (Kleber Report) § V. B (stating "[t]o introduce a new decking product like Gorilla Lock, which is specifically targeted to distributors and their customers, ***HVP provided best commercial efforts*** while creating significant marketing value by leveraging its Gorilla brand equity, which had been achieved over 10 years of cumulative channel success through its Gorilla Deck product sales.")(emphasis added); *id*., at 9, § V. G. (stating ***"[f]rom a best efforts marketing perspective, HVP's approach appears to be reasonable"***) (emphasis added); *id*., at 10, § V. G. (stating "this decision is not unreasonable ***from a best efforts marketing perspective*** for a new product like Gorilla Lock).

the term. His remaining observations should be excluded as superfluous and redundant of fact witness testimony, and involving subject matter not outside the common understanding of jurors.

Dated:  October 8, 2021                                  Respectfully submitted,

By:  /s/ *Eric W. Benisek*
      Eric W. Benisek
Eric W. Benisek
(CA State Bar No. 209520)
ebenisek@vbllaw.com
Jeffrey T. Lindgren
(CA State Bar No. 176400)
jlindgren@vbllaw.com

VASQUEZ BENISEK & LINDGREN LLP
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94596
Telephone:     (925) 627-4250
Facsimile:       (925) 403-0900

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically served and personally served on Counsel for Defendant Homeland Vinyl Products, Inc. on October 8, 2021.

/s/ *Eric W. Benisek*