ERIC W. BENISEK /CA SB# 209520
ebenisek@vbllaw.com
JEFFREY T. LINDGREN /CA SB# 176400
jlindgren@vbllaw.com
VASQUEZ BENISEK & LINDGREN LLP
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94596
Telephone:     (925) 627-4250
Facsimile:     (925) 403-0900

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard A. Leines,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Homeland Vinyl Products, Inc.,<br><br>　　　　　Defendant. | No.  2:18-cv-00969-KJM-DB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE  TO PRECLUDE TESTIMONY, EVIDENCE AND ARGUMENT REGARDING UNFOUNDED WARRANTY CLAIMS** |

### NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 4, 2021, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Kimberly J. Mueller in Courtroom 3, of the Fifteenth Floor of the Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, CA 95814, Plaintiff Richard A. Leines ("Plaintiff" or "Homeland") shall, and hereby does, move *in limine* for an order precluding Defendant Homeland Vinyl Products ("Defendant") from presenting testimony, evidence and argument with respect to the unfounded customer warranty claims ("Unfounded Warranties") alleged to have occurred after July 31, 2017 when the parties License Agreement expired, and the related testimony of Steve Heath, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence.

MOTION IN LIMINE TO PRECLUDE
UNFOUNDED WARRANTIES EVIDENCE
AND TESTIMONY

1

This Motion is based on the following Memorandum of Points and Authorities, records on file in this action, and such other written or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

## STATEMENT OF RELIEF REQUESTED

Pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, Plaintiff respectfully moves for an Order precluding Defendant Homeland Vinyl Products ("Defendant") from presenting testimony, evidence and argument, and the related testimony of Steve Heath, with respect to "unfounded warranties described in Defendant's second claim for relief in its First Amended Counterclaims (ECF No. 129) that occurred after the parties' License Agreement expired on July 31, 2017.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Defendant's amended counterclaim for breach of the implied covenant relies on alleged actions that occurred after the Parties' Patent License Agreement (the "License Agreement") expired. The most basic aspect of a claim for breach of the covenant of good faith and fair dealing is that a contract exists between the parties at the time of the alleged breach of the covenant. The only contract between the Parties in this case is the License Agreement that expired on July 31, 2017. As set forth in Plaintiff's co-pending motion for Rule 11 sanctions, actions that occurred after expiration of the Parties' License Agreement cannot form the basis of a breach of the implied covenant of good faith and fair dealing.  Because alleged post-License Agreement conduct cannot be the basis for a breach of the covenant claim, such evidence is not relevant to any claim or defense in the case. Furthermore, Defendant has attempted to characterize Plaintiff's post-License Agreement actions related to the alleged "unfounded warranties" as a "scheme" and in "bad faith" which is inflammatory and threatens to prejudice Plaintiff based on evidence that has no probative value to the case.

## II. TESTIMONY, EVIDENCE AND ARGUMENT REGARDING UNFOUNDED WARRANTIES SHOULD BE PRECLUDED.

As explained in detail in Plaintiff's Motion for Rule 11 sanctions (incorporated herein by reference), allegations of unfounded warranties that occurred after the License Agreement expired are not actionable and therefore not relevant to any claim or defense in the case. The License Agreement expired on July 31, 2017, and therefore there was no longer a contract or an implied covenant between the Plaintiff and the Defendant. Federal Rule of Evidence 401 provides "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. Defendant's evidence and testimony of "unfounded warranties," that occurred after July 31, 2017, is both irrelevant and highly prejudicial.

In particular, Plaintiff's move to preclude Steve Heath from testifying at trial based on the grounds articulate above and in the co-pending Motion for Rule 11 sanctions. On November 22. 2019, Defendants served its Supplemental Disclosures pursuant to FRCP 26. (Ex. A) In those disclosures, Defendant identified Steve Heath for the first time. Mr. Heath was designated to testify regarding "Homeland's inspection of various homeowner's properties for purposes of warranty claims *in July 2019 and communications with Leines during such inspections*." Mr. Heath was identified for no other facts. Thus, Mr. Heath's intended testimony relates only to the "unfounded warranties" that occurred after expiration of the Parties' License Agreement, and should likewise be excluded for the reasons set forth above.

## III. CONCLUSION

Plaintiff Leines respectfully requests the Court issue an order precluding Defendant from presenting testimony, evidence and argument with respect to unfounded warranties described in Defendant's second claim for relief in its First Amended Counterclaims (ECF No. 129) that occurred after expiration of the Parties License Agreement on July 31, 2017, including but not

limited to the presentation of testimony of Steve Heath at trial.

Dated:  February 4, 2022                     Respectfully submitted,

                                                 By: /s/ *Eric W. Benisek*
                                                        Eric W. Benisek
Eric W. Benisek
(CA State Bar No. 209520)
ebenisek@vbllaw.com
Jeffrey T. Lindgren
(CA State Bar No. 176400)
jlindgren@vbllaw.com

VASQUEZ BENISEK & LINDGREN LLP
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94596
Telephone:    (925) 627-4250
Facsimile:     (925) 403-0900

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically served and personally served on Counsel for Defendant Homeland Vinyl Products, Inc. on February 4, 2022.

                                                     /s/ *Eric W. Benisek*